Jansen v. Grimshaw.

*Appeal dismissed.*

---

ALBERT W. JANSEN

v.

CORNELIA B. GRIMSHAW.

*Partnership—Dissolution—Actual Notice to Holder of Firm Note— Whether Necessary—New Note—Action to Charge Members of Original Firm—Pleading—Misdescription of Note—Default as to Part of the Defendants—Final Judgment—Correction of Error.*

1. A person who has loaned money to a firm and holds its note, is entitled to actual notice of its dissolution. If, without such notice, he extends the loan after dissolution and accepts a new note in the firm name, he may maintain an action against the members of the old firm, including the retiring members.

2. In the case presented, it is *held:* That the declaration which contains counts upon both notes and a common count for money had and received, is sufficient to sustain a general finding for the plaintiff; that it was discretionary with the court below whether to permit the plaintiff to read the second note under the common count, there being a stipulation that he

would rely upon the instruments described in the first and second counts, and said second note being misdescribed in the second count; and that there was no substantial error in permitting the plaintiff's counsel in his opening address to read certain instructions which the court subsequently gave for the plaintiff, nor in permitting an objectionable remark in the closing address of the same counsel in reply to something irrelevant from the other side.

3. It is erroneous, upon default of some of the defendants, to enter final judgment as to them while the case remains undisposed of as to others. It *seems* that the court may correct the error by setting aside the judgment at any time prior to the final disposition of the cause.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Messrs. CARTER & GOVERT, for appellant.

A judgment against one member of a firm, for a debt due from the firm, constitutes a bar to a recovery against the other members. Wann v. McNulty, 2 Gil. 355; Thompson v. Emmert, 15 Ill. 415; Gray v. Gillilan, 15 Ill. 453; Ward v. Johnson, 13 Mass. 148; Mason v. Eldrid, 6 Wall. 231; Mitchell v. Brewster, 28 Ill. 163; and it is held that the entry of a *nolle prosequi* as to a defendant who pleads the general issue, in an action *ex contractu* against several, discharges all. Tolman v. Spaulding, 3 Scam. 13.

Judgment must be taken against all who are served or none. The cause of action is merged in the judgment, those not included in it are released, and the judgment is a complete bar to any further recovery. Gribbin v. Thompson, 28 Ill. 61; People v. Harrison, 82 Ill. 84; Byers v. Bank, 85 Ill. 423; Felsenthal v. Durand, 86 Ill. 230; Faulk v. Kellums, 54 Ill. 188; Goodale v. Cooper, 6 Ill. App. 81; Kimball v. Tanner, 63 Ill. 519.

Even where the obligation is both joint and several, if the defendants are sued jointly, the rule as to joint contracts will govern, and separate judgments can not be rendered. Gould v. Sternburg, 69 Ill. 531.

The court had no power to set aside the judgment after the

term at which it was rendered. Therefore, the motion of the plaintiff to vacate and set aside said judgment, should have been overruled, and defendant's cross-motion to strike the cause from the docket, should have been sustained. Garner v. Crenshaw, 1 Scam. 143; Ryder v. Twiss, 3 Scam. 4; Cook v. Wood, 24 Ill. 295; Cox v. Brackett, 41 Ill. 222; Messervey v. Beckwith, 41 Ill. 452; McKindley v. Buck, 43 Ill. 488; Knox v. Winsted Savings Bank, 57 Ill. 330; Lill v. Stookey, 72 Ill. 495; Coursen v. Hixon, 78 Ill. 339; Becker v. Sauter, 89 Ill. 596.

Where a new note is given in lieu of an old one, and the old one is surrendered and canceled, the old note is no longer in force for any purpose, and will be regarded as paid. Wickencamp v. Wickencamp, 77 Ill. 92; Wi'kinson v. Stewart, 30 Ill. 48; Yates v. Valentine, 71 Ill. 643; Tucker v. Conwell, 67 Ill. 552; Morrison v. Smith, 81 Ill. 221; Fridley v. Bowen, 5 Ill. App. 191.

Mr. John H. Williams, for appellee.

The giving of a promissory note in lieu of another, unless intended and understood by the parties as a payment, is no payment and does not discharge the maker from liability on the first note. Hill v. Marcy, 49 N. H. 268; Thompson v. Briggs, 28 N. H. 40; Yates v. Valentine, 71 Ill. 643.

A retiring partner is liable for debts contracted by the firm after his retirement with those who have had prior dealings with the firm, unless they have had actual notice of his retirement. Warren v. Ball, 37 Ill. 76; Meyer v. Krohn, 114 Ill. 514.

A party can not allege errors which relate exclusively to other parties, who are not complaining and who are not before the court. Clark v. Marfield, 77 Ill. 258; Henrickson v. Van Winkle, 21 Ill. 274; Horner v. Zimmerman, 45 Ill. 14; Cromine v. Tharp, 42 Ill. 120; Richards v. Greene, 78 Ill. 525.

Wall, J. Frederick G. Jansen, Charles C. Jansen and Albert W. Jansen were partners in trade under the name and style of F. W. Jansen & Son. While so engaged the firm

borrowed $2,000 of Mrs. Grimshaw, the appellee, and gave her a promissory note for that sum, dated February 1, 1881, payable two years after date with interest at the rate of seven per cent. per annum.   On the 1st of November, 1881, Albert W. Jansen retired from the firm but the business was continued under the same name and style.

The interest was paid on the note for the first year, February, 1882, and when the note was about to mature appellee again called for her interest, saying that she could get eight per cent. elsewhere, and after some conversation a new note was made for the same amount, dated February 1, 1883, payable in two years, with interest to be paid semi-annually at eight per cent.   This note was signed in the firm name of F. W. Jansen & Son, and was given to the appellee, whereupon she surrendered the old note, which was afterward marked "paid" by the bookkeeper of the firm.   The transaction making a new note and giving up the old one was had by the appellee with Frederick G. Jansen in the office of the firm, the bookkeeper being present.

The interest was paid on the new note for several years when the new firm became insolvent.

This suit was brought against the firm as originally composed, to the March term, 1886, of the Adams Circuit Court. The first count was on the old note, the second count was intended to be on the new note, but did not properly describe it in respect to the provision for payment of interest semi-annually.   The third was a consolidated common count for money had and received, etc.

Albert W. Jansen filed separate pleas putting in issue the question of his liability and at the same term of the court filed his petition, praying for the removal of the cause into the Circuit Court of the United States.

While this application was pending the other defendants withdrew their pleas and judgment was entered against them for the amount then due on the note.   Afterward the petition for removal was granted.

The United States Circuit Court at its October term, 1886, remanded the cause to the State court, and the record being

filed in the latter court at its October term, 1886, on motion of the plaintiff, the order of the March term entering judgment against the defendants Frederick G. and Charles C. Jansen, was vacated. Those defendants then filed their plea of former recovery, setting up the judgment rendered against them at the March term, to which plaintiff replied there was no record of such judgment, on which there was joinder and issue.

The cause was tried by jury at the October term, 1886. The verdict was for the plaintiff for $2,125.75, and was followed by a judgment, motions for new trial and in arrest being overruled. Appeal was prayed by the defendants and each of them and allowed accordingly, but was perfected by Albert W. Jansen only.

There are some twenty different assignments of error. We do not feel called on to follow counsel through the various points and objections urged in the argument. In our judgment there are but two really important questions in the case.

First. As to the effect of the judgment at the March term, 1886, against Frederick G. and Charles C. Jansen, and the vacation thereof at the October term, without entering into an elaborate discussion of the immediate point involved, or of those collaterally arising, it may be said that it was, no doubt, erroneous to enter final judgment as against those two, while the case remained undisposed of as to the other defendant. At that term it is certain the court might have corrected the error by setting the judgment aside, and we are of opinion that it might do so at a subsequent term, so long as the case was *in fieri* and not wholly disposed of. Whether this appellant is in a position to raise the point or not, we hold there was no error in allowing the motion to vacate the judgment.

Second. Was appellant discharged by the taking of the new note? When the firm was dissolved by the retirement of appellant in November, 1881, notice of the fact was given by advertisement in a newspaper published in the city where the firm was engaged in business. The appellee testified that she had no knowledge or notice of the fact until long after the making of the new note.

The appellant, however, testified that he informed her in
February, 1882, when she called for her interest, that he was
not connected with the firm and that she should see the others.
This was in the store.   She then passed into the office where
the interest for the first year on the original note was paid to
her.   She testified as to this that she had no recollection of
it, and the jury evidently found that her version of the matter
was the true one, or that whatever may have transpired at that
time did not properly charge her with notice of the retire-
ment of appellant.   We can not say the jury were mistaken in
this conclusion.   On the contrary, it is probably correct, and it
may be assumed, therefore, that she had no notice of any
change in the firm until after the new note was given, and the
interest had been paid on it for two or more years.   When
appellant withdrew from the firm his liability for subsequent
undertakings of the firm ceased, if proper notice of his retire-
ment was given.   As to what is proper notice the general rule
is that as to persons who have never had any business trans-
actions with the firm, notice by publication is sufficient, but as
to those who have had previous dealings with it, actual notice
or its equivalent must be shown.

As was said in Meyer v. Krohn, 114 Ill. 585.   "This rule
seems to be supported by an unbroken current of authority
and it is certainly promotive of justice and fair dealing."   Ap-
pellant does not controvert this proposition of law but insists
that appellee is not within the rule, one transaction such as
here disclosed not being such " dealings " as to make actual
notice essential.   The transaction was a loan of money to be
used in the business of the firm.   How many or how frequent
interviews may have occurred before the loan was made, or
how often it was the subject of discussion afterward, does not
appear.   The record shows merely the giving of the note
when the money was furnished and the payment of the interest
for one year.

We understand that the "dealings" referred to in the rule
above stated need not be confined to any particular sort of
transaction but may include any transaction within the ordinary
scope of the business of the firm, in the course of which one

who deals with the firm is induced to act on the faith and belief, well founded, that certain individuals compose the firm and are bound by the contracts made in the firm name within the scope of its ordinary business. One who so deals has the right to expect the firm will not be dissolved by the retirement of a solvent member without notice to him. We think the appellee may insist upon the application of the rule in this case. The transaction here disclosed brings the parties within the letter and spirit of the rule.

The inquiry arises, upon which note should liability be declared? If the old note was given up under a misapprehension of fact a material circumstance being known to the debtor but not to the creditor, it would seem clear the latter might logically say that the debt was still subsisting, and that the old evidence of it, the original note, might still be deemed valid and in full force. Hill v. Marcy, 49 N. H. 268. It would, however, as already stated, be perfectly consistent with law and fact to say that the new note was valid and binding upon all the members of the original firm including appellant, and as there was a general finding upon the whole declaration it might be referred to either view or, perhaps, more logically to that view which is the more beneficial to the plaintiff.

After what has been said as to the merits of the case we deem it unnecessary to discuss the various objections urged as to the action of the court in giving, modifying and refusing instructions. We find nothing in this respect for substantial complaint.

It is said the court erred in permitting the second note to be read in evidence under the common count, there being a stipulation that the plaintiff would rely upon the instruments described in the first and second counts. This stipulation was to avoid a motion for a continuance because there was no account filed with the common count. The spirit and purpose of the agreement was to limit the plaintiff to the cause of action on which the first and second counts were based, or intended to be. There was a misdescription of the second note in the second count, and it was a matter of discretion with the court whether to enforce the stipulation according to the strict letter or according to the spirit and purpose of it.

We think there was no error in the exercise of discretion as here shown. It was manifestly the note intended and understood, there was no surprise, and the court could have permitted an amendment to the second count, or, as was done, admit it under the common count.

Other objections are argued as to the conduct of the trial Judge in permitting counsel for plaintiff in his opening argument to the jury, to read certain instructions, which he commented upon and which he said he would ask the court to give, and which the court did give; also with reference to a remark by same counsel in his closing address as to a matter not in evidence.

The points relate to subjects mainly within the sound discretion of the court and we find nothing in them calling for our interference. An attorney may, in his argument, lay down the propositions of law on which he depends, and may without impropriety assert his belief that the court will so instruct the jury, or at least that he will so request, and we see no serious objection to his reading them from a paper as the instructions which he will ask.

The practice will not be generally adopted because of the danger that the court may decline giving the proposed instructions, a risk not to be taken in all cases.

The objectionable remark in the closing address referred to was heard by the court, and was made in reply to something irrelevant coming from the other side. All things considered the court did not deem it of much consequence, nor do we. Certainly it is not of such importance as to require a reversal of the judgment. Other objections, not necessary to state, have been considered, and are overruled.

The judgment will be affirmed.

*Judgment affirmed.*